IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,078

VICKI SCHMIDT, Kansas Insurance Commissioner,
*Appellee/Cross-appellant*,

v.

TRADEMARK, INC.,
*Appellant/Cross-appellee*,

*v.*

DOROTEO BALLIN and BALLIN COMPANY, LLC,
*Appellees.*

SYLLABUS BY THE COURT

1.

When a statute is plain and unambiguous, the court must give effect to the legislative intention as expressed in the statutory language. But if a statute's language is ambiguous, we will consult our canons of construction to resolve the ambiguity.

2.

Even statutory language that appears clear may be ambiguous when considered in the context of particular facts or another applicable statute.

3.

Judicial dictum is an expression of opinion on a question directly involved in a particular case, argued by counsel, and deliberately ruled on by the court, although not

1

necessary to a decision. While not binding as a decision, judicial dictum is entitled to greater weight than obiter dictum and should not be lightly disregarded.

4.

As with legislative acquiescence to judicial precedent under the doctrine of stare decisis, legislative acquiescence to persuasive judicial dictum may support the decision to follow that dictum in future cases.

5.

In a case where multiple potential employers are involved under K.S.A. 44-503(a)—i.e., a principal and a subcontractor—the term "employer" in K.S.A. 2020 Supp. 44-532a is ambiguous. In such a situation, the term "employer" in K.S.A. 2020 Supp. 44-532a(a) does not necessarily refer to the same entity as the term "employer" in K.S.A. 2020 Supp. 44-532a(b).

6.

If the Kansas Workers Compensation Fund is liable as a result of an immediate employer's failure to pay under K.S.A. 2020 Supp. 44-532a(a), it may assert a cause of action against the principal in a separate action under K.S.A. 2020 Supp. 44-532a(b).

7.

A statute authorizing the recovery of attorney fees must be clear and specific. Statutes authorizing such recovery are construed strictly. Where the plain language of a statute makes no mention of attorney fees, the recovery of such fees is not authorized.

Review of the judgment of the Court of Appeals in 60 Kan. App. 2d 206, 493 P.3d 958 (2021). Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 18, 2022.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*William L. Townsley III*, of Fleeson, Gooing, Coulson & Kitch, LLC, of Wichita, argued the cause, and *Brian E. Vanorsby*, of the same firm, was with him on the briefs for appellant/cross-appellee.

*John C. Nodgaard*, of Arn, Mullins, Unruh, Kuhn & Wilson, LLP, of Wichita, argued the cause and was on the brief for appellee/cross-appellant.

The opinion of the court was delivered by

WILSON, J.: This appeal asks us to consider a question of statutory interpretation: specifically, what did the Legislature mean when it granted the Kansas Workers Compensation Fund a cause of action against "the employer" to recover amounts paid by the Fund for the benefit of an injured worker under K.S.A. 2020 Supp. 44-532a? After answering this question, we must further consider whether this same statute authorizes the Fund to recover attorney fees from an "employer" along with any amounts paid on an injured worker's behalf.

The lengthy procedural journey that precipitated this question began when Juan Medina was injured on the job and sought compensation from his direct employer, Doroteo Ballin and Ballin Company, LLC (collectively, Ballin), under the Kansas Workers Compensation Act (KWCA), K.S.A. 44-501 et seq. Because Ballin carried no workers compensation insurance, Medina impleaded the Kansas Workers Compensation Fund to obtain benefits. After an administrative law judge awarded compensation to Medina and the Fund had paid Medina benefits, the Fund filed the current collateral action under K.S.A. 2020 Supp. 44-532a against Trademark, Inc., the general contractor

3

for whom Ballin was acting as a subcontractor at the time of Medina's injury. After the district court granted summary judgment to the Fund, Trademark appealed. The Fund also cross-appealed the district court's denial of attorney fees.

A panel of the Kansas Court of Appeals first heard the appeal. The panel affirmed the district court on both issues, holding that the Fund could pursue an action against Trademark but that it could not recover attorney fees under K.S.A. 2020 Supp. 44-532a. *Schmidt v. Trademark,* 60 Kan. App. 2d 206, 221, 493 P.3d 958 (2021). On review, we consider both issues and affirm.

FACTS AND PROCEDURAL BACKGROUND

In December of 2016, Medina was injured in the course and scope of his employment with Ballin. Ballin was a subcontractor of Trademark, the general contractor on the project. Thus, Ballin was performing a part of the work Trademark was obligated under separate contract to perform. After his injury, Medina brought a workers compensation proceeding against Ballin for payment of medical treatment and other benefits; Trademark was not a party in this administrative proceeding.

Because Ballin lacked workers compensation insurance, the Fund was added as a party under K.S.A. 2016 Supp. 44-532a. The Fund attempted to implead Trademark but the administrative law judge (ALJ) rejected this effort. The ALJ ultimately ordered the Fund to pay benefits to Medina, which included $17,432.87 in compensation. The Fund also paid $5,022.37 in medical benefits and $1,804.73 in administrative costs, and expended thousands of dollars in attorney fees.

4

*District Court Proceedings*

The Fund filed the instant case for reimbursement against Trademark on December 27, 2018. The Fund filed a motion for summary judgment on March 7, 2019. Trademark responded to the Fund's motion and simultaneously moved for summary judgment on March 21, 2019.

In a Memorandum Decision filed June 17, 2019, the district court concluded that, because Medina was an employee of Ballin, and Ballin was a subcontractor of Trademark, the Fund was permitted to seek recovery from Trademark under K.S.A. 2016 Supp. 44-532a(b). But the district court concluded that the Fund could not recover its claimed $8,053.95 in attorney fees from Trademark, citing the absence of any contractual or statutory provision permitting such recovery. The district court subsequently granted summary judgment in the Fund's favor as to everything except attorney fees.

*Appellate Proceedings*

Trademark appealed the district court's entry of summary judgment, while the Fund cross-appealed the district court's conclusion that it could not recover attorney fees. On appeal, the panel phrased the core question of Trademark's appeal this way: "Can the Fund only sue the employers mentioned in K.S.A. 2020 Supp. 44-532a(a)—that is, only the uninsured, insolvent, or vanished employers?" *Schmidt,* 60 Kan. App. 2d at 212. Relying largely on the reasoning of *Workers Comp. Fund v. Silicone Distrib., Inc.*, 248 Kan. 551, 809 P.2d 1199 (1991) (*Silicone*), the panel said, "No." *Schmidt,* 60 Kan. App. 2d at 218. In concluding that the Fund could seek to recover from Trademark, the panel found K.S.A. 44-503 ambiguous as to whether—as Trademark claimed—"ALL references to 'employer' in the Act must be substituted with the term 'principal' [i.e.

5

Trademark] or none can be." 60 Kan. App. 2d at 218. The panel also rejected the Fund's argument that it could recover attorney fees from Trademark, concluding instead that there was no statutory authorization for such recovery. 60 Kan. App. 2d at 220-21.

Trademark petitioned this court for review, while the Fund conditionally cross-petitioned. This court granted review of both petitions on August 27, 2021. We have jurisdiction under K.S.A. 20-3018(b) (allowing petitions for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

*The lower courts correctly interpreted K.S.A. 2020 Supp. 44-532a.*

Trademark raises a bifurcated challenge to the panel's determination that K.S.A. 2020 Supp. 44-532a authorizes the Fund to bring a cause of action against it to recover benefits paid to the employee of its subcontractor, Ballin. First, Trademark argues that the plain language of K.S.A. 2020 Supp. 44-532a does not grant the Fund a cause of action against principals for the recovery of workers compensation benefits paid for the employees of subcontractors when the principals were not a party to the underlying workers compensation action. Second, it claims that even if K.S.A. 2020 Supp. 44-532a is interpreted to allow such a recovery, Trademark *itself* cannot be liable because the ALJ made no finding that Trademark was uninsured and insolvent. We address both arguments together.

6

*Standard of Review*

Trademark's challenge involves questions of statutory interpretation, which are subject to unlimited appellate review. *Redd v. Kansas Truck Ctr.*, 291 Kan. 176, 199, 239 P.3d 66 (2010).

"The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme, and when a statute is plain and unambiguous, the court must give effect to the legislative intention as expressed in the statutory language.

"When a workers compensation statute is plain and unambiguous, this court must give effect to its express language rather than determine what the law should or should not be. The court will not speculate on legislative intent and will not read the statute to add something not readily found in it. If the statutory language is clear, no need exists to resort to statutory construction. [Citations omitted.]" *Bergstrom v. Spears Mfg. Co.*, 289 Kan. 605, 607-08, 214 P.3d 676 (2009).

If, on the other hand, "a statute's language is ambiguous, we will consult our canons of construction to resolve the ambiguity." *Johnson v. U.S. Food Serv.*, 312 Kan. 597, 601, 478 P.3d 776 (2021). Even statutory language that appears clear may be ambiguous when considered in the context of particular facts or another applicable statute. E.g., *State v. Scheuerman,* 314 Kan. 583, 587, 502 P.3d 502 (2022); *McCullough v. Wilson*, 308 Kan. 1025, 1035, 426 P.3d 494 (2018).

Finally, the Legislature has also expressed its intent "that the workers compensation act shall be liberally construed only for the purpose of bringing employers and employees within the provisions of the act." K.S.A. 2020 Supp. 44-501b(a).

*Discussion*

Trademark argues K.S.A. 2020 Supp. 44-532a(a) and (b), read together, grant the Fund a cause of action to recoup amounts paid only against the "employer" that either lacked adequate workers compensation insurance or was otherwise unable to pay benefits to an injured worker under the KWCA—in this case, Ballin. Trademark acknowledges that the Kansas Supreme Court previously reached the opposite conclusion in *Silicone* but asserts that this was dicta and should be disregarded based on the plain language of K.S.A. 44-503 and K.S.A. 2020 Supp. 44-532a.

We begin with the language of both statutes. K.S.A. 44-503 addresses subcontractor and contractor responsibility for workers compensation benefits. In relevant part, it provides:

> "(a) Where any person (in this section referred to as principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and *where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the*

8

*employer*, except that the amount of compensation shall be calculated with reference to the earnings of the worker under the employer by whom the worker is immediately employed. For the purposes of this subsection, a worker shall not include an individual who is a self-employed subcontractor.

. . . .

"(c) Nothing in this section shall be construed as preventing a worker from recovering compensation under the workers compensation act from the contractor instead of the principal.

. . . .

"(e) A principal contractor, when sued by a worker of a subcontractor, shall have the right to implead the subcontractor.

"(f) The principal contractor who pays compensation to a worker of a subcontractor shall have the right to recover over against the subcontractor in the action under the workers compensation act if the subcontractor has been impleaded." (Emphasis added.)

K.S.A. 2020 Supp. 44-532a, meanwhile, addresses situations where an "employer" carries insufficient workers compensation insurance:

"(a) If an employer has no insurance or has an insufficient self-insurance bond or letter of credit to secure the payment of compensation, as provided in subsection (b)(1) and (2) of K.S.A. 44-532, and amendments thereto, and such employer is financially unable to pay compensation to an injured worker as required by the workers compensation act, or such employer cannot be located and required to pay such compensation, the injured worker may apply to the director for an award of the compensation benefits, including medical compensation, to which such injured worker is

9

entitled, to be paid from the workers compensation fund. Whenever a worker files an application under this section, the matter shall be assigned to an administrative law judge for hearing. If the administrative law judge is satisfied as to the existence of the conditions prescribed by this section, the administrative law judge may make an award, or modify an existing award, and prescribe the payments to be made from the workers compensation fund as provided in K.S.A. 44-569, and amendments thereto. The award shall be certified to the commissioner of insurance, and upon receipt thereof, the commissioner of insurance shall cause payment to be made to the worker in accordance therewith.

"(b) The commissioner of insurance, acting as administrator of the workers compensation fund, shall have a cause of action against the employer for recovery of any amounts paid from the workers compensation fund pursuant to this section. Such action shall be filed in the district court of the county in which the accident occurred or where the contract of employment was entered into."

Trademark contends that the plain language of these statutes makes the meaning of "employer" unambiguous. It reasons that Ballin employed Medina and Ballin has no insurance. The same word must mean the same thing, so the "employer" must be Ballin.

Certainly, that may be the case. But, in this context, must it be the case? Only if we can answer in the affirmative is the statute unambiguous. When we look to the definition of "employer," as defined elsewhere in the KWCA and in caselaw, it becomes apparent that "employer" might refer to more than one entity when viewed within the context of a contractor/subcontractor relationship.

The KWCA partially defines "employer" in K.S.A. 2020 Supp. 44-508(a), although this definition provides little guidance here. The KWCA further modifies that definition with K.S.A. 44-503(a)'s provision that references to "employer" for purposes of

10

"the application of the workers compensation act" can mean either the immediate employer or the contractor/principal that hired the employee's immediate employer. Some cases involving similar disputes refer to a general contractor as the "statutory employer" and the subcontractor as the "immediate employer." See *Robinett v. Haskell, Co.*, 270 Kan. 95, 98, 12 P.3d 411 (2000) ("The statute extends the application of the [KWCA] to certain individuals or entities who are not the immediate employers of the injured workers, but rather are 'statutory employers.'"). Another case refers to the contractor and subcontractors as "dual employers." *Duarte v. Debruce Grain, Inc.*, 276 Kan. 598, 607-08, 78 P.3d 428 (2003) ("Under 44-503[a], the principal and subcontractor are dual employers for purposes of the Workers Compensation Act."). To summarize, Trademark could be called an "employer," a "statutory employer," one of "dual employers," a contractor, or a principal. Ballin could be called an "employer," an "immediate employer," one of "dual employers," or a subcontractor.

Consequently, the KWCA's references to "employer" may be ambiguous where multiple potential "employers" are involved, as is the case here. Cf. *State v. Walker*, 280 Kan. 513, 523, 124 P.3d 39 (2005) ("Under these circumstances, we conclude that the construction of the statutory language is uncertain or ambiguous as applied to the facts of this case, where the severity level of the crime of conviction does not match the sentence to be imposed."); *Duarte,* 276 Kan. at 605 (despite the "maxim that the same word used repeatedly in a statutory provision or scheme must be given the same meaning throughout," not all references to "employer" in K.S.A. 44-504[d] carried the same meaning); *Johnson v. Kansas Emp. Sec. Bd. of Rev.*, 50 Kan. App. 2d 606, 611-12, 330 P.3d 1128 (2014) ("The ambiguity in K.S.A. 2013 Supp. 44-706[a] becomes apparent when applied to situations in which the claimant holds multiple jobs. . . . Since the statute is ambiguous when applied to this factual scenario, we may look beyond the statutory language to construe the legislature's intent."). Moreover, the Kansas Supreme Court has

11

previously recognized the ambiguity of K.S.A. 44-532a—and the need to apply the rules of construction to it—when a question of subcontractor versus principal liability is at issue. *Silicone*, 248 Kan. at 560 ("The historical background, legislative history and language of the statute are inconclusive" as to whether K.S.A. 44-532a requires a worker to make a claim against both a principal and a subcontractor before impleading the Fund).

We have little difficulty concluding that K.S.A. 44-503(a) applies here. Although Trademark contends that the terms "compensation" and "proceedings" in that subsection have very specific meanings within the context of a workers compensation case, a similar argument was rejected in *Duarte v. Debruce Grain, Inc.*:

> "Liberty asserts that the substitution of the principal for the employer pursuant to K.S.A. 44-503(a) is to occur only when workers compensation claims and proceedings are taken against the principal. . . . The plain language of the statute [K.S.A. 44-503(a)] provides for the substitution to be made 'in the application of the workers compensation act,' but does not limit proceedings taken against the principal to proceedings pursuant to the Act. A statute should not be read so as to add that which is not readily found in it. [Citation omitted.]" *Duarte*, 276 Kan. at 609.

While *Duarte* dealt with ancillary litigation "proceedings" regarding the subrogation of claims for compensation paid as part of the KWCA's "statutory web of reciprocal responsibilities," we see no reason its logic should not also apply to the Fund's attempt to recover benefits paid under K.S.A. 2020 Supp. 44-532a—another component of the KWCA's statutory "web." 276 Kan. at 609-10.

Thus, we find the term "employer" in K.S.A. 2020 Supp. 44-532a to be ambiguous as applied to the facts of the present case. To ascertain the Legislature's meaning, we must apply our canons of construction to assess whether "employer" in K.S.A. 2020

12

Supp. 44-532a(a) necessarily carries the same meaning as in subsection (b), as Trademark argues.

We begin by observing that, generally "[i]t is presumed that identical words used in different parts of the same statute are intended to have the same meaning throughout the act." *Berndt v. City of Ottawa*, 179 Kan. 749, 752, 298 P.2d 262 (1956). But in *Duarte*, the court construed multiple instances of the word "employer" in a different KWCA statute—K.S.A. 44-504(d)—to refer to different entities in order to prevent an "unreasonable result." *Duarte*, 276 Kan. at 607. In particular, the court reasoned that "[b]ecause DeBruce and LSI are dual employers under 44-503(a), there is no inconsistency in substituting either DeBruce or LSI for the term employer in 44-504(d) as appropriate." 276 Kan. at 607. Thus, if the term "employer" is not necessarily given the same meaning even when used multiple times within the same subsection, it does not follow that it must also be given the same meaning within *different* subsections where such a construction would produce "unreasonable results."

The *Silicone* court also "questioned" the argument that "'employer' in K.S.A. 2020 Supp. 44-532a(a) and (b) must refer to the same entity." *Silicone*, 248 Kan. at 560. There, an injured worker attempted to obtain workers compensation benefits from her immediate employer, a subcontractor, but also named the subcontractor's principal and—believing the subcontractor to be insolvent or uninsured—impleaded the Fund. The principal was later dismissed "on the grounds that a claimant may not proceed against both the claimant's immediate employer and the claimant's statutory employer" under *Coble v. Williams*, 177 Kan. 743, 282 P.2d 425 (1955). 248 Kan. at 553. After an ALJ "found that attempts to include [the subcontractor] and recover payment appeared to be unsuccessful and that [the subcontractor] had no insurance," the ALJ "dismissed the Fund and indicated that [the worker] should pursue [the principal] under K.S.A. 44-503." 248 Kan.

13

at 553. On review, the Director concluded the Fund was liable for the benefits to the worker under K.S.A. 44-532a. 248 Kan. at 554. The district court affirmed the Director's order following a petition for judicial review, concluding that an injured worker was not required to pursue a claim against a principal as a prerequisite to the Fund's liability under K.S.A. 44-532a.

On appeal, the court noted that the case "requires us to construe the statutes concerning liability of the Fund when an employer is either uninsured and insolvent or cannot be located and required to pay compensation." *Silicone*, 248 Kan. at 556. It then concluded that K.S.A. 44-532a provided an injured worker the "option" of obtaining relief from the Fund, rather than requiring the worker to exhaust claims against all possible employers first. 248 Kan. at 560. The court found "[t]he historical background, legislative history and language of" K.S.A. 44-532a to be "inconclusive" but reasoned that:

> "The burden of exhausting remedies against all potential employers is not to be carried by the claimant alone. The claimant need only elect to assert a compensation claim against either the immediate or the statutory employer, as was done by [the worker]. If the employer from which compensation is sought is insolvent or cannot be located, the Fund may be impleaded. *If the Fund pays on a claim, it may assert a K.S.A. 44-532a(b) cause of action against either the insolvent or unlocated employer, or the solvent statutory employer (principal), or both*." (Emphasis added.) *Silicone*, 248 Kan. at 560.

The court then emphasized that "principal" could be substituted for "employer" in K.S.A. 44-532a by virtue of K.S.A. 44-503(a). 248 Kan. at 560. But the court disagreed with the Fund's then-stated position—which mirrors Trademark's current argument—that the term "employer" refers to the same entity in both subsection (a) and (b) of K.S.A. 44-532a when multiple potential employers are involved. 248 Kan. at 560-61. The court

14

reasoned that, "[i]f the Fund is liable as a result of an immediate employer's failure to pay, it may assert a cause of action against the principal in a separate action under K.S.A. 44-532a(b)." 248 Kan. at 561. This point was even emphasized in *Silicone*'s syllabus. 248 Kan. at 551, Syl. ¶ 3.

Trademark suggests that *Silicone*'s commentary is dicta and should be disregarded on the basis of more recent caselaw that places greater focus on the plain language of the KWCA. As we have discussed, an appeal to the plain language of the statute provides no help here, as *Silicone* itself also concluded. *Silicone*, 248 Kan. at 560. Consequently, *Silicone*'s decision to apply the canons of construction—along with its actual application of those canons—remains sound. Moreover, while we agree that *Silicone*'s comments regarding K.S.A. 44-532a were dicta, it appears to us that they are more properly characterized as judicial dicta, rather than obiter dicta. The distinction is significant:

> "Judicial dictum is an expression of opinion on a question directly involved in a particular case, argued by counsel, and deliberately ruled on by the court, although not necessary to a decision. While not binding as a decision, judicial dictum is entitled to greater weight than obiter dictum and should not be lightly disregarded." *Jamerson v. Heimgartner*, 304 Kan. 678, 686, 372 P.3d 1236 (2016).

The liability of the principal—or the Fund's ability to pursue an action to recover workers compensation payments from it—was not directly at issue in *Silicone*. But the Fund clearly argued about the interpretation of "employer" in K.S.A. 2020 Supp. 44-532a before the court, prompting the court to opine on the subject. Thus, while *Silicone*'s pronouncement that the Fund "may assert a K.S.A. 44-532a(b) cause of action against either the insolvent or unlocated employer, or the solvent statutory employer (principal),

15

or both" (and similar comments) was not binding precedent, we consider these remarks to be persuasive judicial dicta. *Silicone*, 248 Kan. at 560.

While adherence to judicial dictum is not squarely within the boundaries of the doctrine of stare decisis, it is at least adjacent to it. Cf. *In re Estate of Lentz*, 312 Kan. 490, 506, 476 P.3d 1151 (2020) (Luckert, C.J., concurring) ("The concept that a court consider jurisdiction as an antecedent to a merits determination has a practical impact in a system driven by stare decisis principles because even dicta or obiter dictum 'should not be lightly disregarded' by lower courts."). And as with stare decisis, we cannot ignore the Legislature's apparent acquiescence to the *Silicone* court's pronouncement over the past 30 years: despite several amendments to K.S.A. 44-532a and K.S.A. 44-503 since 1991, the Legislature has done nothing to repudiate *Silicone*'s interpretation. See *State v. Gross*, 308 Kan. 1, 15, 417 P.3d 1049 (2018) (finding legislative acquiescence when the Legislature amended other aspects of a statute in the intervening 27 years following an earlier court's interpretation of a statute but did not legislatively overrule that interpretation). This consideration is not undermined by the fact that *Silicone*'s comments on the subject were dicta. *State v. Cheever*, 306 Kan. 760, 783, 402 P.3d 1126 (2017) (recognizing the construction given to a statute in a prior case as dicta, but observing that the Legislature never expressed any disagreement with such dicta over 15 years), *abrogated on other grounds by State v. Boothby*, 310 Kan. 619, 448 P.3d 416 (2019).

We further conclude that *Silicone*'s construction of K.S.A. 44-532a comports with the policies of the KWCA in general. See K.S.A. 44-503(a) ("Where any person [in this section referred to as principal] undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person [in this section referred to as the contractor] for the execution by or under the contractor of the whole or any part of the work undertaken by

16

the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal[.]"). The interpretation of the statute promoted by Trademark, thus, appears to open the door to the "danger of an employer evading liability under the Act" by disincentivizing principals to ensure that their subcontractors are insured in the first place. *Duarte*, 276 Kan. at 608-09.

Consequently, we choose to affirm *Silicone*'s dicta concluding that "employer" in K.S.A. 44-532a(a) need not necessarily refer to the same "employer" in K.S.A. 44-532a(b) when multiple potential employers—specifically, a principal and a subcontractor, as set out in K.S.A. 44-503(a)—are involved. Thus, the fact that the ALJ made no finding that Trademark was insolvent or uninsured under K.S.A. 2016 Supp. 44-532a(a) is immaterial to the Fund's ability to seek recompense from Trademark under K.S.A. 2016 Supp. 44-532a(b), so long as the ALJ made those findings as to Ballin, Trademark's subcontractor—which it did. In other words, when the district court applied K.S.A. 2016 Supp. 44-532a(a) as to Ballin, it did not err in applying K.S.A. 2016 Supp. 44-532a(b) to Trademark. We thus affirm both the district court and the Court of Appeals panel on this issue.

*The lower courts correctly concluded that K.S.A. 2016 Supp. 44-532a did not authorize the recovery of attorney fees by the Fund.*

The Fund raises a single issue for our consideration: under the plain language of K.S.A. 2020 Supp. 44-532a(b), can it recover attorney fees as part of its cause of action against an employer? We conclude that it cannot.

17

*Standard of Review*

> "Generally, a Kansas court may not award attorney fees unless authorized by statute or party agreement. Whether a court may award attorney fees is a question of law subject to an appellate court's unlimited review. If a court lawfully awards fees, the amount awarded is reviewed for abuse of discretion. [Citations omitted.]" *Rinehart v. Morton Bldgs., Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013).

A statute authorizing the recovery of attorney fees must be "clear and specific." *Idbeis v. Wichita Surgical Specialists, P.A.*, 285 Kan. 485, 488, 173 P.3d 642 (2007). On the basis of this rule, "statutory provisions allowing fees are typically construed strictly." *Idbeis*, 285 Kan. at 489.

*Discussion*

The Fund claims that the plain language of the phrase "any amounts paid from the workers compensation fund pursuant to this section" includes attorney fees because the need for the Fund to hire counsel and incur such costs "is a direct and foreseeable consequence of the employer's failure to follow the law." Both the panel and the district court rejected this argument on the basis "that no statute or contractual provision allowed the recovery of attorney fees in this case." See *Schmidt,* 60 Kan. App. 2d at 219-21. We agree.

The plain language of K.S.A. 2020 Supp. 44-532a(b) makes no mention of fees or litigation costs, let alone attorney fees. Thus, it is not sufficiently "clear and specific" to permit the recovery of such fees. Further, a strict construction of the provision supports the panel's reasoning that the amounts recoverable in an action under K.S.A. 2020 Supp.

18

44-532a(b) are explicitly limited to those paid "pursuant to this section"—i.e., "an award of the compensation benefits, including medical compensation, to which such injured worker is entitled" as set forth in subsection (a). *Schmidt*, 60 Kan. App. 2d at 220. The Fund's only rejoinder is that K.S.A. 2020 Supp. 44-532a(b) "is plain and unambiguous"— an assertion that turns on its head the presumption that only a plain and unambiguous authorization of the recovery of attorney fees will *permit* such recovery. In other words, we agree that K.S.A. 2020 Supp. 44-532a(b) is plain and unambiguous on this issue—but only insofar as it makes no mention of attorney fees, thus precluding their recovery. The panel and the district court rightly rejected the Fund's attempt to recover them.

CONCLUSION

We affirm the decisions of the Court of Appeals panel and the district court on both questions presented.

* * *

STEGALL, J., concurring:  This is a simple case resolved by the plain language of K.S.A. 44-503(a). No one disputes that Trademark is a principal under that section. No one disputes that this is an action "where compensation is claimed from or proceedings are taken against the principal." K.S.A. 44-503(a). Thus, any reference to "employer" in "the application of the workers compensation act" "shall be substituted" with a reference to the principal. K.S.A. 44-503(a).

The purpose of this statutory substitution scheme is clear and straightforward. The Legislature intended that a principal "be liable to pay to any worker employed in the

19

execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal." K.S.A. 44-503(a). And the easiest way to accomplish this is to "substitute" the word principal for the word "employer" whenever the recovery is being sought against the principal. That is precisely the circumstance presented by this case. There is no ambiguity in the statutory scheme.

Indeed, this is what we previously held in *Silicone*: "If the Workers Compensation Fund is liable for payment of an award under K.S.A. 44-532a(a) because an immediate employer is financially unable to pay or cannot be located, the Fund shall have a cause of action against the principal or statutory employer under K.S.A. 44-532a(b)." *Workers Comp. Fund v. Silicone Distrib., Inc.*, 248 Kan. 551, Syl. ¶ 3, 809 P.2d 1199 (1991). I see no need to treat this syllabus paragraph as dicta and would not do so.

In light of the plain language of the statutory scheme and our prior precedent on this very point, I concur with the outcome reached by the majority. Though I do not take such a circuitous path to arrive at this result.