NOT DESIGNATED FOR PUBLICATION

No. 127,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of D.R., a Minor Child.

MEMORANDUM OPINION

Appeal from Finney District Court; RICHARD MARQUEZ, judge. Submitted without oral argument. Opinion filed December 13, 2024. Affirmed.

*Lara Blake Bors*, of Bors Law, P.A., of Garden City, for appellant natural father.

*Isaac LeBlanc*, assistant county attorney, and *Nicholas C. Vrana*, deputy county attorney, for appellee.

*Blair W. Loving*, guardian ad litem, of Hope, Mills, Bolin, Collins & Ramsey LLP, of Garden City.

Before MALONE, P.J., BRUNS and CLINE, JJ.

PER CURIAM: Father appeals the district court's decision to terminate his parental rights. On appeal, he contends that the district court abused its discretion when it denied his motion to approve consent to the appointment of a permanent custodian under K.S.A. 38-2272. Father also contends that the district court erred by finding the agency made reasonable efforts to rehabilitate the family under K.S.A. 38-2269(b)(7). As the guardian ad litem points out in his brief, we do not have appellate jurisdiction over the first issue under K.S.A. 38-2273(a). As to the second issue, we find that Father has failed to show that the district court based its decision on K.S.A. 38-2269(b)(7) or that it otherwise abused its discretion in terminating his parental rights. Thus, we affirm the district court's decision.

1

FACTS

On July 29, 2020, Gabriel Calvillo, a child protection specialist with the Kansas Department for Children and Families (DCF) in Garden City, reported that D.R. was being physically abused by a sibling and Mother was unable to care for the children. Calvillo's report recommended that D.R. and her sibling should be declared children in need of care (CINC). The next day, the State applied for an ex parte order of protective custody under K.S.A. 38-2242. Although the district court placed both children into protective custody, this appeal only involves Father's parental rights as to D.R.

After the district court ordered D.R. to be placed in the care of the Secretary of DCF, the State filed a CINC petition. At the time the petition was filed, Father was serving a criminal sentence in federal prison. Ultimately, the Leavenworth County Sheriff's Office was able to personally serve Father on August 14, 2020. In response, Father sent a handwritten letter that was filed with the district court in which he expressed an interest in preserving his parental rights to D.R. Accordingly, the district court appointed Father an attorney to represent him in the CINC case.

On September 21, 2020, Father filed a stipulation or no-contest statement admitting that the claims in the CINC petition were true. Following an adjudication hearing held on the same day, the district court found D.R. to be in need of care as to Mother. On November 17, 2020, the district court also found D.R. to be in need of care as to Father. So, the district court ordered that D.R. remain in the custody of DCF.

On April 5, 2021, the district court granted Father's request for additional communication with D.R. and directed Saint Francis Ministries—which was designated to perform case management to assist with family reintegration—to facilitate the additional contact between Father and D.R. At a permanency hearing held on July 26, 2021, the district court found—without objection from Father's attorney—that

"[a]ppropriate public or private agencies [had] made reasonable efforts to assist and support the family to accomplish the current permanency goal [of reintegration]." At the conclusion of the hearing, the district court ordered that D.R. remain in DCF custody and that its previous orders remain in place.

A second permanency hearing was held on January 24, 2022. At this hearing, the district court again found—without objection from Father's attorney—that "public or private agencies [had] made reasonable efforts to assist and support the family to accomplish the current permanency goal [of reintegration]." Even so, the district court concluded that reintegration was no longer a viable goal, and the permanency goal was changed to adoption or permanent custodianship.

On July 22, 2022, the State filed a motion for termination of parental rights as to both Mother and Father. A month later, the district court granted Mother's motion that reintegration should be restored as the permanency goal for D.R. In March 2023, Father was paroled from prison and Saint Francis Ministries made several efforts to stay in contact with him. In a call to Father on March 20, 2023, the agency went over the case plan tasks with him and then mailed a copy to him. The record reflects that the agency spoke with Father at least five times regarding the tasks he was to complete under the case plan.

A day before the termination hearing, Mother and Father filed a motion requesting that the district court approve their consent to the appointment of a permanent custodian under K.S.A. 38-2272(a). The guardian ad litem (GAL) appointed to represent D.R.'s best interests objected to the motion and pointed out that it was not properly before the district court because the parents had failed to obtain his approval as required by K.S.A. 38-2268(a). Likewise, the State objected to the motion at the termination hearing held on August 24, 2023.

3

At the start of the termination hearing, the district court considered the parents' motion filed seeking approval of their consent to appoint a permanent custodian. After considering the arguments presented, the district court denied the motion and moved on to consideration of the State's motion for termination of parental rights. However, Mother voluntarily relinquished her rights, and the hearing proceeded only as to Father.

Although both the State and GAL presented evidence at the termination hearing, Father did not call any witnesses nor offer any exhibits into evidence. Even so, Father's attorney did cross-examine the witnesses and presented argument to the district court. After consideration of the evidence and hearing the arguments of counsel, the district court determined that Father had failed to overcome the presumption of unfitness under K.S.A. 38-2271(a)(5) and (a)(13). In addition, the district court found by clear and convincing evidence that Father was "unfit by reasons of conduct or condition which renders the parent unable to properly care for a child and the conduct or condition is unlikely to change in the future."

In reaching its decision, the district court explained:

"[D.R.] has been in out-of-home placement under court order for a cumulative total period of three years in this case, and . . . [Father] has failed to carry out a reasonable plan approved by the court directed towards reintegration of the child into the parental home . . . .

" . . . [Father] has [also] failed or refused to assume the duties of a parent for two consecutive years with the exception of nominal contacts in the two years preceding the filing of the petition."

The district court concluded that Father's parental rights should be terminated based on clear and convincing evidence because of "[l]ack of effort on the part of [Father] to adjust [his] circumstances, conduct or conditions to meet the needs of the

4

child." As such, the district court found Father to be unfit under K.S.A. 38-2269(b)(8) and that his unfitness was unlikely to change in the foreseeable future.

The district court's termination order was filed on September 12, 2023, and Father timely filed a notice of appeal.

ANALYSIS

*Issues Presented*

The only issues presented in this appeal are (1) whether the district court abused its discretion in not granting the parents' motion to approve their consent to a permanent custodianship; and (2) whether the district court abused its discretion in finding that Saint Francis Ministries made reasonable efforts to reintegrate D.R. with Father. In response, the State argues that the district court appropriately exercised its discretion in denying the parents' motion to approve their consent to the appointment of a permanent custodian and in finding that the agency made reasonable efforts to work with Father. Although the GAL agrees with the State, he also argues that we do not have appellate jurisdiction over the first issue. So, we will address the jurisdiction issue at the outset.

*Appellate Jurisdiction*

In his brief, the GAL contends that "the district court's denial of a motion to approve consent of permanent custodian, is not an appealable issue this court has been granted jurisdiction to hear and must be denied." We note that Father did not respond to this question even though he had the opportunity to file a reply brief had he wanted to do so. Regardless, whether appellate jurisdiction exists is a question of law, and our review is unlimited. Likewise, statutory interpretation presents a question of law over which we also have unlimited review. *In re N.E.*, 316 Kan. 391, 402, 516 P.3d 586 (2022).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *State v. Thurber*, 313 Kan. 1002, 1007, 492 P.3d 1185 (2021). Rather, the Kansas Constitution states there will be "such appellate jurisdiction as may be provided by law." Kan. Const., art. 3, § 3. As a general rule, we have jurisdiction to entertain an appeal only if it is permitted under statutes enacted by the Kansas Legislature. *In re T.S.*, 308 Kan. 306, 309, 419 P.3d 1159 (2018).

The Revised Kansas Code for the Care of Children (Code), K.S.A. 38-2201 et seq., expressly limits our jurisdiction to hear appeals. In particular, K.S.A. 38-2273(a) limits appellate jurisdiction to five types of appealable orders. The statute provides that "[a]n appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." K.S.A. 38-2273(a); see *In re N.E.*, 316 Kan. at 402.

The most fundamental rule of statutory construction is that the intent of the Kansas Legislature governs if that intent can be determined from the plain language used and giving common words their ordinary meanings. *H.B. v. M.J.*, 315 Kan. 310, 320, 508 P.3d 368 (2022). Here, the plain and unambiguous language of K.S.A. 38-2273(a) does not include the right to appeal the denial of a motion to approve consent of parents to appoint a permanent custodian filed under K.S.A. 38-2272. Moreover, we are not to read language into a statute that was not included by the Legislature. *Schmidt v. Trademark, Inc.*, 315 Kan. 196, 200, 506 P.3d 267 (2022) (Appellate courts should refrain from reading something into the statute that is not readily found in its words.).

Furthermore, our interpretation of K.S.A. 38-2273(a) adheres to that of the Kansas Supreme Court, which has held that if an order issued under the Code "does not fit within these five categories, it is not appealable." *In re N.A.C.*, 299 Kan. 1100, Syl. ¶ 3, 329 P.3d 458 (2014); see *In re N.E.*, 316 Kan. at 402-03; *In re T.S.*, 308 Kan. at 312. As the GAL points out, the limitation on appeals under the Code serves the virtuous purpose of

6

protecting children from "prolonged uncertainty." Because the district court's order denying the parents' motion to approve consent to appoint permanent custodian is not an appealable order under the Code, we do not have appellate jurisdiction over this issue.

*Reasonable Efforts to Rehabilitate Family*

Next, Father contends that the district court erred in finding that DCF and Saint Francis Ministries made reasonable efforts to reintegrate him with D.R. He argues that DCF did not take reasonable steps to locate him before D.R. was removed from Mother's home and that he was not provided adequate resources to complete the tasks assigned to him under the case plan. In response, the State contends that there was substantial competent evidence presented to the district court to show that the agencies made reasonable efforts to rehabilitate the family as required by K.S.A. 38-2269(b)(7). In addition, the GAL points out that "in announcing its findings in the termination hearing and restating them in the journal entry, [the district court] does not identify (b)(7) as grounds for the unfit or termination findings."

A parent has a constitutionally protected liberty interest in preserving the relationship with his or her child. *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388 (1982). The fundamental nature of a parent's rights demands that in order to terminate them, the State must prove "by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." K.S.A. 38-2269(a); see *In re R.S.*, 50 Kan. App. 2d 1105, 1113, 336 P.3d 903 (2014). In reviewing the district court's fitness determination, we "must determine, after reviewing all the evidence in a light most favorable to the State, whether a rational fact-finder could have found the ultimate determination to be highly probable, i.e., by clear and convincing evidence." *In re T.H.*, 60 Kan. App. 2d 536, 547, 494 P.3d 851 (2021).

7

Our Supreme Court explained that "'clear and convincing evidence'" requires the factfinder to believe "that the truth of the facts asserted is highly probable." *In re B.D.-Y.*, 286 Kan. 686, 697, 187 P.3d 594 (2008). "Appellate courts do not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact." *In re Adoption of Baby Girl G.*, 311 Kan. 798, 806, 466 P.3d 1207 (2020). In other words, any conflicts in evidence must be determined to the benefit of the State and against Father.

Here, Father's argument on appeal is misguided. Despite his argument that DCF and Saint Francis Ministries did not make reasonable efforts to rehabilitate the family, the district court's ultimate decision to terminate Father's parental rights was based on K.S.A. 38-2269(b)(8)—not on K.S.A. 38-2269(b)(7). Once again, it is the GAL who correctly points out the problem with Father's argument and points out that the district court never identified K.S.A. 38-2269(b)(7) as grounds for unfitness or termination. For this reason alone, Father's argument fails.

Here, the district court found by clear and convincing evidence that Father was unfit as a parent because of "lack of effort on the part of the parent to adjust the parent's circumstances, conduct or conditions to meet the needs of the child" under K.S.A. 38-2269(b)(8). We recognize that the district court's pronouncement of its decision from the bench at the termination hearing was somewhat difficult to follow. As the record reflects, the district court stated that "clear and convincing evidence supports [the State's] claims that [F]ather is unfit based on his felony conviction and incarceration that there has been a failure of reasonable efforts to rehabilitate the family . . . , and there has been a lack of effort on [Father's] part to adjust his circumstances, conduct, or conditions to meet the needs of the children." Yet reading the transcript of the termination hearing in context, it is apparent that the district court was referring to its finding of presumption of unfitness under K.S.A. 38-2271(a)(5) and (a)(13).

Specifically, the district court explained:

"I'm going to find that there is a presumption in this matter that the child under [38-]2271[a](5) and [a](13) has been in out-of-home placement under court order for a cumulative total period of one year [or] longer, and the parent— in this particular case, [Father] has substantially neglected or willfully refused to carry out a reasonable plan approved by the Court directed towards the potential reintegration of the child into the parental home."

The district court never mentioned K.S.A. 38-2269(b)(7) at the hearing or in its subsequent written order. As a result, the Father's assertion that the district court erred by finding Father unfit and terminating his parental rights based on K.S.A. 38-2269(b)(7) is not supported by the record. Moreover, as the party asserting error, Father had the burden to designate a record on appeal that is sufficient to establish his claim that the district court erred. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36). Without such a record, we must presume the district court's action was proper.

In summary, Father's argument that the district court abused its discretion under K.S.A. 38-2269(b)(7) is unsupported by the record. Furthermore, Father fails to assert any challenge to the district court's finding of unfitness under K.S.A. 38-2269(b)(8). And any one of the statutory factors under K.S.A. 38-2269(b) or (c) may establish grounds for termination of parental rights. K.S.A. 38-2269(f); see *In re D.G.*, 319 Kan. 446, 452, 555 P.3d 719 (2024). Accordingly, because Father has failed to show that the district court erred, we affirm its decision.

Affirmed.