No. 127,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of
PLAZA SPEEDWAY DEVELOPMENT, INC.,
for Tax Year 2022 in Wyandotte County, Kansas.

SYLLABUS BY THE COURT

1.

Tax statutes are penal and must be strictly construed in favor of the taxpayer.

2.

Under the Kansas Constitution, Article 11, section 1(a), land devoted to agricultural use may be defined by law and valued for ad valorem tax purposes based on its agricultural income *or* agricultural productivity, actual or potential.

3.

K.S.A. 79-1476 defines "land devoted to agricultural use" as land, whether located in an unincorporated area of the county or within the corporate city limits, that is devoted to the production of plants, animals, or horticultural products.

4.

There is no requirement under either the Kansas Constitution or any Kansas statute that land devoted to agricultural use must generate actual income to the landowner for the land to be classified as "agricultural" for ad valorem tax purposes.

Appeal from the Board of Tax Appeals. Oral argument held January 6, 2026. Opinion filed February 13, 2026. Affirmed.

1

*Wendy M. Green*, deputy chief counsel, of Unified Government of Wyandotte County/Kansas City, Kansas, for appellant.

*R. Scott Beeler* and *Brett C. Randol*, of Rouse Frets White Goss Gentile Rhodes, P.C., of Leawood, for appellee Plaza Speedway Development, Inc.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

SCHROEDER, J.:  The way land is currently being used controls how it is to be taxed, not the future anticipated use of the land. The Unified Government of Wyandotte County/Kansas City, Kansas (Unified Government) timely appeals the Board of Tax Appeals' (BOTA) decision finding the seven parcels of land owned by Plaza Speedway Development, Inc., must be classified as agricultural land and not as vacant commercial lots for the tax year 2022. After a comprehensive review of the record, we find BOTA did not err in finding the current use of the seven parcels of land controls and the seven parcels must be classified as "agricultural" for tax purposes. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaza Speedway owns land divided into seven parcels in Wyandotte County to eventually develop into commercial shopping properties. In December 2020, Plaza Speedway hired Douglas R. Knop to overseed the seven parcels, covering 18.72 acres. Plaza Speedway contracted with Knop to "cut, rake, and bale the crop" on the parcels "until either party notifies the other in writing of their request to terminate such agreement."

In tax year 2022, the Wyandotte County Appraiser's Office classified the seven parcels as vacant commercial parcels for property tax purposes. Plaza Speedway filed an

equalization protest form, claiming the parcels were currently producing hay and should be classified as "agricultural" and requested a hearing before BOTA.

BOTA held a hearing at which Brad Gaughan, the commercial program coordinator at the Appraiser's Office, and Knop testified. Gaughan explained the subject properties were unimproved parcels, or outparcels, within the commercial shopping development. Gaughan stated the seven parcels had maintenance restrictions prohibiting unkempt grass and, therefore, prohibiting agricultural use such as baling hay.

Knop testified he overseeded the property in November 2021 in preparation to bale hay in 2022. Knop claimed the property manager would have stopped the operation if hay production was prohibited. Plaza Speedway admitted several pictures into evidence, showing the hay baling operation from 2021 and 2022. Knop testified he sold the hay produced from the properties and retained all of the proceeds. Plaza Speedway did not receive any income from Knop's farming activities. The Unified Government, at the BOTA hearing, conceded Knop had overseeded the seven parcels and baled the hay but denied such activity qualified as agricultural production. BOTA took the matter under advisement.

BOTA issued a summary decision in favor of Plaza Speedway, finding the subject properties should be classified as "agricultural" as they were devoted to hay production. BOTA ordered the county appraiser to correct its property records, reevaluate the taxes Plaza Speedway owed for tax year 2022, and issue a refund for overpayment.

At the Unified Government's request, BOTA filed a full and complete opinion, explaining the seven parcels were devoted to hay production, which is a "forage" under K.S.A. 2022 Supp. 79-1476, and the property should be classified as "agricultural" for tax purposes. BOTA stated the current use of the seven parcels controlled over the location or zoning and the evidence did not show any other activity taking place on the property

3

other than hay production. BOTA again ordered the Unified Government to classify the subject properties as "agricultural" and appraise the properties accordingly.

The Unified Government petitioned for reconsideration, asserting BOTA erroneously interpreted or applied the law and its conclusion was not supported by the evidence based on the record as a whole. The Unified Government claimed the law requires both agricultural production and income from such production for the seven parcels to be classified as agricultural for tax purposes. The Unified Government also argued Plaza Speedway failed to show it received income from any agricultural production as the agreement between Plaza Speedway and Knop was silent with respect to the sale of crops produced. BOTA denied the motion for reconsideration.

ANALYSIS

The Unified Government argues that BOTA erred in finding the seven parcels were devoted to agricultural production rather than as vacant commercial lots in tax year 2022. The Unified Government contends that, before the parcels can be classified as "agricultural" for tax purposes, the agricultural production done thereon must generate income. The Unified Government asks us to overturn BOTA's decision and remand with instructions to classify the seven parcels as vacant commercial land. Plaza Speedway responds there is no requirement in the law that the seven parcels must generate income or profit from agricultural production to be classified as "agricultural" for tax classification purposes.

BOTA decisions are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. K.S.A. 2024 Supp. 74-2426(c). The KJRA provides several bases to set aside an agency's ruling in court. See K.S.A. 77-621(c). Here, the Unified Government argues BOTA's decision should be set aside under K.S.A. 77-621(c)(4) (erroneous interpretation or application of law) and (c)(7) (determination of

4

fact, made or implied, not supported by substantial evidence viewed in light of record as whole).

We have unlimited review in determining whether BOTA correctly interpreted or applied the law without deference to the agency. We review BOTA's factual findings under K.S.A. 77-621(c)(7) to "'determine whether the evidence supporting the agency's factual findings is substantial when considered "in light of the record as a whole."'" *In re Tax Appeal of Walmart Stores, Inc.*, 316 Kan. 32, 46-47, 513 P.3d 457 (2022). If BOTA's findings are supported by the record as a whole, those findings "'"cannot be disregarded or contradicted on appeal."'" 316 Kan. at 47. When conducting our review, we do not reweigh the evidence. K.S.A. 77-621(d). The Unified Government, as the party challenging BOTA's decision, bears the burden to establish error. See K.S.A. 77-621(a)(1).

The Unified Government also makes a passing claim BOTA's decision should be set aside under K.S.A. 77-621(c)(5) (agency engaged in unlawful procedure or failed to follow prescribed procedure) and (c)(8) (agency action was unreasonable, arbitrary, or capricious). However, those contentions were incidentally raised on appeal but not properly argued and are, therefore, deemed waived and abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

*BOTA correctly classified the seven parcels as "agricultural" rather than as vacant commercial parcels in tax year 2022.*

A dispute over whether a parcel of land is vacant or used for agricultural purposes has significant tax implications. See Kan. Const. art. 11, § 1; *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1115, 269 P.3d 876 (2012). As we review BOTA's decision, we owe no deference to its interpretation or construction of the statute. *John O.*

5

*Farmer, Inc. v. Board of Ellis County Comm'rs*, 62 Kan. App. 2d 262, 266, 511 P.3d 293 (2022).

Article 11, section 1(a) of the Kansas Constitution allows a taxpayer to obtain an agricultural classification if its land is devoted to agricultural use. Article 11, section 12 of the Kansas Constitution states in relevant part:  "Land devoted to agricultural use may be defined by law and valued for ad valorem tax purposes upon the basis of its agricultural income *or agricultural productivity, actual or potential*." (Emphasis added.) K.S.A. 2022 Supp. 79-1476 also uses the conjunction "or" in explaining:  "[V]aluations shall be established for each parcel of land devoted to agricultural use upon the basis of the agricultural income *or productivity attributable to the inherent capabilities of such land in its current usage . . . .*" (Emphasis added.)

K.S.A. 2022 Supp. 79-1476 defines "'land devoted to agricultural use'" as:

"land, regardless of whether it is located in the unincorporated area of the county or within the corporate limits of a city, that is devoted to the production of plants, animals or horticultural products, including, but not limited to: Forages; grains and feed crops, dairy animals and dairy products; poultry and poultry products; beef cattle, sheep, swine and horses; bees and apiary products; trees and forest products; fruits, nuts and berries; vegetables; nursery, floral, ornamental and greenhouse products."

Plaza Speedway correctly points out the Unified Government failed to quote the entire provision of the Kansas Constitution in support of its position in its brief. The Unified Government quotes Article 11, section 12, of the Kansas Constitution for the proposition that land devoted to agricultural use may be valued based on agricultural income. This interpretation is misleading as land devoted to agricultural use can also be valued based on "agricultural productivity," whether that activity is "actual or potential." Kan. Const. art. 11, § 12. The key is actual or potential productivity.

The Unified Government relies on *Oakhill* to support its position. There, a panel of our court explained: "The Kansas Constitution provides that '[l]and devoted to agricultural use' is valued based on its income production rather than the price a willing buyer would pay a willing seller." 46 Kan. App. 2d at 1115. But this quote also seems to misinterpret the relevant section of the Kansas Constitution. The plain language of Article 11, section 12 states agricultural land must be valued based on its "actual or potential" agricultural productivity.

In *Oakhill*, the County classified certain tracts of land as "vacant" rather than "agricultural." The *Oakhill* panel explained that *some* agricultural activity must take place on the land for an agricultural use classification. 46 Kan. App. 2d at 1115. We agree with the *Oakhill* panel on that point. There, the evidence showed (1) no harvesting plan, no indication any timber had been cut as the landowner/taxpayer alleged, and no documentation of agricultural production; and (2) the County presented evidence that "landowners who grew trees for agricultural purposes usually had a plan showing expected time frames for harvesting the product." 46 Kan. App. 2d at 1116. The only reference to income generated from agricultural production was the landowner's unsupported contention he paid taxes on $511 generated from agricultural production on the subject property. 46 Kan. App. 2d at 1109. Contrary to the Unified Government's argument here, *Oakhill* does not support the contention that income by the landowner must be generated from agricultural production to obtain an agricultural use classification for tax purposes. We observe that neither the Kansas Constitution Article 11, section 12 nor K.S.A. 2022 Supp. 79-1476 requires land devoted to agricultural use must generate actual income to the landowner.

*Board of Johnson County Comm'rs v. Smith*, 18 Kan. App. 2d 662, 857 P.2d 1386 (1993), provides more useful guidance. There, a panel of our court interpreted K.S.A. 1992 Supp. 79-1476 and relevant provisions of the Kansas Constitution to decide a similar issue. *Smith*, 18 Kan. App. 2d at 668-69. The taxpayer used a small parcel of land

7

to produce hay until the area was ready for development. Representatives of Johnson County presented no evidence the taxpayer was using the land for anything other than hay production—a similar fact pattern to the issue before us today.

In classifying the disputed land as "agricultural" rather than vacant land at its fair market value for tax purposes, BOTA explained:

> "There is no minimum acreage requirement in the statute, nor is there a requirement that profit be made from the property. The fact that the parcel contains 2.26 acres is irrelevant, as is the fact that the taxpayer is not a farmer by occupation. The statute does not make a distinction on the basis of ownership." 18 Kan. App. 2d at 666-67.

BOTA also explained K.S.A. 1992 Supp. 79-1476 did not prohibit a developer from purchasing land "and using it for agricultural purposes until it can be developed." *Smith*, 18 Kan. App. 2d at 667. Additionally, BOTA concluded: "The test is not what use is being made of the surrounding properties, but what use the taxpayer is making of the land." 18 Kan. App. 2d at 667. The district court affirmed BOTA's finding the property at issue was appropriately classified as agricultural land rather than vacant land for property tax purposes, and the *Smith* panel affirmed the district court's holding. 18 Kan. App. 2d at 671. "'[T]ax statutes are penal, and thus must be strictly construed in favor of the taxpayer.'" 18 Kan. App. 2d at 668-69. The relevant portion of the statute has remained substantively unchanged since 1992. Compare K.S.A. 1992 Supp. 79-1476 with K.S.A. 2022 Supp. 79-1476. With this understanding, we strictly construe the statute in favor of the taxpayer and against the taxing authority.

Here, Unified Government conceded Knop was overseeding the properties and baling the hay. Plaza Speedway presented evidence of an agreement with Knop to cut, rake, and bale hay. Knop's testimony was consistent with such evidence, and Unified Government had no evidence to counter Knop's testimony. Plaza Speedway also

presented time-stamped pictures of hay production on the properties from 2021 and 2022. The Unified Government did not object to those exhibits and even admitted at oral argument Knop had produced and baled hay on the seven parcels but disputed what he did with it. Knop said he sold some of it, and the Unified Government complained that Knop's sale of the hay was not income to the landowner. We observe it still reflects the production of a crop and its harvest.

The Unified Government requests us to read more into the statute than there is by finding the property has to produce income for the landowner. We cannot expand Article 11, section 12 of the Kansas Constitution or K.S.A. 2022 Supp. 79-1476 to meet the Unified Government's interpretation of the law. See *Schmidt v. Trademark, Inc.*, 315 Kan. 196, 200, 506 P.3d 267 (2022) (When a statute is plain and unambiguous, appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute not readily found in its words.). The plain language of the statute controls, and it only requires the land to be used for agricultural purposes and be valued based on agricultural productivity, actual or potential. See K.S.A. 2022 Supp. 79-1476.

In light of the whole record, the clear language in our Constitution, and the controlling statute, substantial evidence supports BOTA's factual findings the seven parcels were being used for agricultural productivity—producing and baling hay—in tax year 2022. See *In re Tax Appeal of Walmart Stores, Inc.*, 316 Kan. at 47. And Plaza Speedway is not prohibited from using its land for agricultural purposes until it can be developed. See *Smith*, 18 Kan. App. 2d at 667. BOTA, consistent with K.S.A. 2022 Supp 79-1476 and our Constitution, found Plaza Speedway's seven parcels should be classified as "agricultural." The Unified Government must reclassify the property as being used for agricultural purposes, reevaluate the taxes Plaza Speedway owed for tax year 2022, and issue a refund for overpayment. In reevaluating the taxes Plaza Speedway owed for tax

9

year 2022, the Director of Property Valuation shall determine the productivity of the agricultural land. See K.S.A. 2022 Supp. 79-1476.

Affirmed.