(534 P.2d 1146)
No. 53,179

JOAN B. HARPER, Wife; FLOYD E. HARPER, Son; GREGORY J. HARPER, Son; (Floyd E. Harper, Deceased); *Appellees,* v. BROADWAY MORTUARY and IOWA NATIONAL MUTUAL INSURANCE COMPANY, *Appellants.*

Opinion filed October 15, 1981.

*Douglas D. Johnson,* of Kassebaum & Johnson, of Wichita, for appellants.

*Jerry K. Levy,* of Levy & Freeman, of Topeka, for appellees.

Before ABBOTT, P.J., SPENCER and MEYER, JJ.

MEYER, J.: This case involves a workmen's compensation appeal from the judgment of the district court affirming the order of the workmen's compensation director in favor of the claimant-appellee.

The deceased was employed by Air Capitol Escort Service in Wichita, Kansas, as a motorcycle escort rider. Appellant Broadway Mortuary (hereinafter appellant) had contracted with one of its customers for a funeral on November 5, 1976. In furtherance of that contract, appellant contracted with Air Capitol Escort Service to provide an escort for the funeral procession. Decedent was the rider dispatched by Air Capitol to be the escort. While escorting the funeral procession between the mortuary and the cemetery, decedent's motorcycle fell and decedent was killed.

At the time of decedent's death, Air Capitol Escort Service did not have a payroll of sufficient size to bring it under the Kansas Workmen's Compensation Act. Thus, a claim was made against appellant as the statutory employer of the decedent.

Appellant, in the course of its business, offers various funeral services to the public. One of the services it offers its customers is a motorcycle escort for the funeral procession. If the family and

mortuary agree that an escort is to be used, the family is billed for the service. The mortuary calls the funeral escort service to arrange for the escort.

According to the testimony of Mr. Bill Cozine, president of Broadway Mortuary, the mortuary does not always utilize an escort service. It was the testimony of Mr. Cozine that funeral procession escort was not necessarily inherent in or an integral part of his mortuary service, and that the work being done by the decedent at the time of his accident would not ordinarily have been done by an employee of the mortuary.

The workmen's compensation administrative law judge had originally ruled that the claimant's claim was not compensable because the escort service was not a part of the trade or business of appellant under the tests set out in *Ellis v. Fairchild*, 221 Kan. 702, 712, 562 P.2d 75 (1977), citing *Woods v. Cessna Aircraft Co.*, 220 Kan. 479, Syl. ¶ 2, 553 P.2d 900 (1976).

The workmen's compensation director reversed the ruling of the administrative law judge, finding that whether said tests were met was not relevant in view of the fact that the escort service was contracted for by a third party. The workmen's compensation director's award was affirmed by the district court.

The issue raised on appeal is whether the deceased was a statutory employee of appellant within the meaning of K.S.A. 1980 Supp. 44-503(*a*).

K.S.A. 1980 Supp. 44-503(*a*) reads in part as follows:

"Where any person (in this section referred to as a principal) undertakes to execute any work which is a part of his trade or business *or which he has contracted to perform* and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him . . . ." (Emphasis added.)

This statute provides that a principal will be liable to the employee of a subcontractor if the principal undertakes to do work which (1) is a part of the principal's trade or business, or (2) the principal has contracted to do for a third party. The instant case falls within the second category.

The workmen's compensation director's conclusion that it was irrelevant whether the work was a part of the principal's trade or business was correct.

Appellant had contracted with a customer to provide a motor-cycle escort for the funeral procession. In order to perform this contract obligation, appellant could either have hired an employee to ride as escort, or it could subcontract the work to a local escort service. Appellant chose the latter course.

The administrative law judge erred in his application of *Ellis v. Fairchild,* 221 Kan. 702.

It was unnecessary for the director or the trial court to apply the test of *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, *i.e.,* whether the escort service was an inherent part of appellant's trade or business or if such was ordinarily done by employees of the principal. By contracting to provide an escort service for a third party, appellant made the work a part of its business.

We note that the other cases cited by appellant did not involve situations where the principal contracted with a third party to perform a particular service, and are, therefore, distinguishable.

Affirmed.