NOT DESIGNATED FOR PUBLICATION

No. 123,595

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE ESTATE OF SCOTT STEIN, by and through Administrator TARA STEIN;
TARA STEIN, Individually, as Widow and Heir of Decedent, SCOTT STEIN; and COHEN
STEIN, Individually, as Natural Son and Heir of Decedent, SCOTT STEIN,
by and through his Mother, TARA STEIN,
*Appellants*,

and

RIVERPORT INSURANCE COMPANY, as
Subrogee of BLACKHAWK SANDBLASTING & COATING, LLC,
*Intervenor*,

v.

SCOTT'S WELDING SERVICE, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; MIKE KEELEY, judge. Opinion filed April 29, 2022.
Affirmed.

*Scott J. Mann*, of Mann Wyatt Tanksley, of Hutchinson, for appellants.

*Matthew A. Spahn*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, and *Heather
R. Hatley*, of Franke Schultz & Mullen, P.C., of Kansas City, Missouri, for appellee.

No appearance by intervenor.

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge, assigned.

1

PICKERING, J.: Scott's Welding Service, Inc. (SWS) had an order to manufacture and paint several poly pipe trailers. SWS contracted with Blackhawk Sandblasting and Coating, LLC (Blackhawk) for the painting portion of the job. Scott Stein, an employee at Blackhawk, was painting one of the trailers when it collapsed on him resulting in injuries that led to his death.

Stein's heirs sought workers compensation benefits from Blackhawk. After that, they then sued SWS, alleging that SWS was negligent. SWS moved for summary judgment, arguing that it was the statutory employer of the decedent, thus the exclusive remedy provision of the Kansas Workers Compensation Act (KWCA) barred the suit against it. The district court agreed and granted the motion for summary judgment. The heirs timely appealed.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2020, the Estate of Scott Stein (decedent), Tara Stein, and the Steins' child (heirs/Appellants) sued SWS, alleging SWS's negligence caused the decedent's death on August 7, 2019.

The facts relevant to the issues on appeal are largely uncontroverted.

SWS, which was solely owned by Richard Scott Reddig, performed general fabrication, welding, and machine shop services. One of the services performed by SWS was the manufacture and assembly of poly pipe trailers. Reddig also owned 75% of Blackhawk, while a silent partner owned the other 25%. Blackhawk was in the business of sandblasting and coating. Blackhawk and SWS have offices next door to each other.

For several years, SWS painted the poly pipe trailers that it sold. But in 2018, SWS contracted with Blackhawk to paint the poly pipe trailers. When painting for SWS,

2

Blackhawk tracked the hours worked by Blackhawk employees and SWS paid Blackhawk for those hours. At the time of the decedent's death, he was performing a work order, as an employee for Blackhawk, painting a poly pipe trailer for SWS. The poly pipe trailer collapsed killing the decedent. The accident occurred in Blackhawk's shop, while the decedent was using Blackhawk's equipment, and with no assistance or input from SWS employees.

In their suit, the heirs argued that SWS was negligent because it failed to install a safety brace, which it had designed, before providing the poly pipe trailer to Blackhawk and that the failure to do so caused the decedent's death. SWS moved for summary judgment in May 2020. It argued that the heirs' claims were barred by the KWCA, specifically under the statutory employer doctrine and the exclusive remedy provision.

The heirs responded to the motion in October 2020. In their response, they argued the KWCA did not bar recovery through tort against SWS because Blackhawk was the decedent's employer and because the statutory employer doctrine did not apply to bring SWS within the protections offered by the KWCA. The district court granted the motion, determining that the statutory employer doctrine did apply, and thus the heirs could not seek damages against SWS in a negligence action.

The Appellants timely appealed.

ANALYSIS

*The District Court Did Not Err by Granting the Motion for Summary Judgment.*

The Appellants raise two issues on appeal, but they are closely related to each other. First, they argue that SWS was not the decedent's employer for purposes of the

3

KWCA. Second, they argue that SWS cannot assert a statutory employer defense because the accident did not occur on property under SWS's control.

*Standard of Review*

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling [is] sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issue in the case. Appellate courts apply the same rules and, where they find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate. Appellate review of the legal effect of undisputed facts is de novo. [Citation omitted.]" *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

"The interpretation or construction of the Workers Compensation Act is a question of law. But once that interpretation or construction occurs, the ultimate question of whether an accident arises out of and in the course of employment is a question of fact. [Citation omitted.]" *Estate of Graber v. Dillon Companies*, 309 Kan. 509, 513, 439 P.3d 291 (2019). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

"[T]he Legislature has also expressed its intent 'that the workers compensation act shall be liberally construed only for the purpose of bringing employers and employees within the provisions of the act.'" *Schmidt v. Trademark, Inc*., 315 Kan. 196, 200, 506 P.3d 267 (Kan. 2022) (quoting K.S.A. 2020 Supp. 44-501b[a]).

*Discussion*

Under the KWCA's exclusive remedy provision, "no employer . . . shall be liable for any injury . . . for which compensation is recoverable under the workers compensation act . . . ." K.S.A. 2020 Supp. 44-501b(d). Essentially, if compensation is available to an injured employee under the KWCA, that employee cannot recover through some other mechanism, such as a tort suit.

The exclusive remedy provision is extended to "statutory employers" through K.S.A. 44-503(a), where the KWCA provides:

> "Where any . . . principal[] undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other . . . contractor[] for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer . . . ."

The principals mentioned in K.S.A. 44-503(a) are known as "'statutory employers.'" *Robinett v. Haskell Co.*, 270 Kan. 95, 98, 12 P.3d 411 (2000).

The "principal purpose of K.S.A. 44-503(a) is '"to prevent employers from evading liability under the act by the device of contracting outsiders to do work which they have undertaken to do as a part of their trade or business."'" *Bright v. Cargill, Inc.*, 251 Kan. 387, 393, 837 P.2d 348 (1992) (quoting *Hoffman v. Cudahy Packing Co.*, 161 Kan. 345, Syl. ¶ 4, 167 P.2d 613 [1946]).

5

Here, SWS only argued that the second test—the contracting out contracted work provision—applied so this court need not address the first test. The Appellants agree that SWS became a principal under K.S.A. 44-503(a) when it hired Blackhawk to perform work on the trailer. But the Appellants then argue that the exclusive remedy provision is only available to employers and that SWS does not qualify as an employer.

A panel of this court addressed a prior version of K.S.A. 44-503(a) in *Harper v. Broadway Mortuary*, 6 Kan. App. 2d 763, Syl. ¶ 2, 634 P.2d 1146 (1981), where this court upheld the district court's determination that a contractor was a statutory employer of the deceased. In *Harper*, Broadway Mortuary contracted with one of its customers for a motorcycle escort during a funeral procession. In furtherance of that contract, Broadway Mortuary contracted with the decedent's employer. The decedent provided the escort service but was killed during the escort. A worker's compensation claim was brought against Broadway Mortuary because the decedent's direct employer was not covered by the KWCA.

After several intermediate procedural steps, the district court determined that Broadway Mortuary was a statutory employer of the decedent through the contracting out contracted work provision. On appeal before this court, Broadway Mortuary challenged that decision. In its analysis, the court stated that it was unnecessary for the trial court to apply the test of *Woods v. Cessna Aircraft Co*., 220 Kan. 479, 553 P.2d 900 (1976), i.e., whether the escort service was an inherent part of appellant's trade or business or if such was ordinarily done by employees of the principal because "[b]y contracting to provide an escort service for a third party, appellant made the work a part of its business." *Harper*, 6 Kan. App. 2d at 765. This court affirmed the decision, noting that Broadway Mortuary had a contractual obligation to provide an escort and chose to subcontract that obligation out, thus the contracting out contracted work provision applied. 6 Kan. App. 2d at 764-65.

6

A similar result occurred in *Robinson v. Flynn's Ferry Service, Inc.*, 6 Kan. App. 2d 709, Syl. ¶ 4, 633 P.2d 1166 (1981), where this court again determined that the contracting out contracted work provision applied to bring a contractor within the KWCA. In *Robinson*, Robinson was the owner-operator of Maize Flying Service, Inc., who sometimes contracted with other companies to ferry planes. Maize contracted with Flynn's Ferry Service to deliver a plane. During the trip he crashed and died.

Robinson's mother brought a workers compensation claim against Flynn's Ferry Service, which was denied because the examiner, director, and district court determined that Robinson was an independent contractor rather than an employee or statutory employee. On appeal, this court noted: "The fundamental premise upon which liability is predicated under 44-503(a) is the existence of a contract between two employers." 6 Kan. App. 2d at 713 (citing *Ellis v. Fairchild*, 221 Kan. 702, Syl. ¶ 3, 562 P.2d 75 [1977]). The court disagreed with the lower court's ruling, holding that K.S.A. 44-503(a) clearly applied and that Robinson was a statutory employee of Flynn's Ferry Service under the contracting out contracted work provision. 6 Kan. App. 2d at 713.

Here, SWS contracted with a buyer for the manufacture and assembly of three trailers. The trailers had to be painted black. SWS hired Blackhawk to paint the trailers. The decedent, who was an employee of Blackhawk, was killed while painting one of the trailers. SWS subcontracted part of the work it was hired to do to Blackhawk. The decedent was performing the work that SWS had "contracted to perform" for a third-party when he was killed. Based on these facts, it seems clear that SWS was the statutory employer of the decedent at the time of his injury and death under the second test set out in K.S.A. 44-503(a), especially when the directive to liberally construe the KWCA to include employers and employees within the provisions of the Act is considered. See K.S.A. 2020 Supp. 44-501b(a).

7

The Appellants argue that the statutory employer provision fails here because they have not tried to claim compensation from or taken proceedings against the principal, thus references to the principal cannot be substituted for references to the employer. But caselaw stands against the Appellants.

In *Robinett*, 270 Kan. at 98, the Kansas Supreme Court determined an individual cannot sue his or her employer in tort after receiving workers compensation benefits from his or her immediate employer rather than the statutory employer.

In *Robinett*, the plaintiff "was injured while performing work under a subcontract between his employer, Stanley Jones Corporation (Stanley Jones), and the defendant, The Haskell Company (Haskell)." 270 Kan. at 95. Stanley Jones provided workers compensation to the plaintiff. Plaintiff then sued Haskell in tort for the same injuries. After Haskell moved for summary judgment arguing that Haskell was the statutory employer of the plaintiff, the district court dismissed the case.

On appeal, the Kansas Supreme Court noted that K.S.A. 44-503(a) allowed "an employee of a contractor to recover workers compensation benefits from either his immediate employer or the principal contractor." 270 Kan. at 98. The Kansas Supreme Court went on to state that a "statutory employer is immune from a common-law suit for damages due to the exclusive remedy provision even when the injured employee chooses to receive workers compensation benefits from his or her immediate employer rather than the statutory employer because the employee could have recovered compensation from the statutory employer." 270 Kan. at 98.

Here, the Appellants admit they made a workers compensation claim against Blackhawk. Thus, the statement in *Robinett* controls here. Because Appellants could and did make a claim through the KWCA against Blackhawk, they cannot now seek a remedy in tort from the statutory employer, SWS, because the exclusive remedy provision of the

8

KWCA would apply. See K.S.A. 2020 Supp. 44-501b(d); K.S.A. 44-503(a); *Robinett*, 270 Kan. at 98. The situation may be different if it turns out that the Appellants cannot recover through the KWCA, but that is not a question before the court in this case.

Assuming this court agrees and holds that SWS would be considered a statutory employer barring some exception, the Appellants next argue that an exception applies. But again, the law stands in the way of their argument.

Under K.S.A. 44-503(d), the subcontracting provision does not apply "where the accident occurred elsewhere than on, in or about the premises on which the principal has undertaken to execute work or which are otherwise under the principal's control or management, or on, in or about the execution of such work under the principal's control or management." The problem for Appellants, which Appellants acknowledge, is that the Kansas Supreme Court has broadly interpreted the language "on which the principal has undertaken to execute work" in K.S.A. 44-503(d) and it includes essentially anywhere the injured workers accident occurs. See *Swift v. Kelso Feed Co.*, 161 Kan. 383, 386, 168 P.2d 512 (1946).

In *Swift*, Kelso Feed Company argued that it was not liable under the KWCA after one of its subcontractors employees was injured while delivering animal feed to a customer because the exception in G.S. 1935, 44-503(d), the predecessor to K.S.A. 44-503(d), applied meaning that it was not a statutory employer of the injured claimant. The Kansas Supreme Court disagreed, holding "the place where it was delivering feed was . . . a place where it had 'undertaken to execute work' which was a part of its trade or business." 161 Kan. at 386.

Under that interpretation, which the Appellants describe as a flaw in interpretation, anywhere a worker was injured while performing work for the principal would be "'premises on which the principal has undertaken to execute work.'" Appellants thus

9

argue that the position renders K.S.A. 44-503(d) an exception without teeth. But this court followed the holding in *Swift* in *Robertson v. Bayer CropScience AG*, No. 107,669, 2013 WL 452162, at *8-9 (Kan. App. 2013) (unpublished opinion), and the Kansas Supreme Court denied the petition for review.

The Appellants are essentially asking this court to ignore the holding in *Swift*, which this court cannot do. We are duty-bound to follow Kansas Supreme Court precedent unless there is some indication that it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). There has been no indication that the Kansas Supreme Court is departing from its long-held position that the "in or about the premises on which the principal has undertaken to execute work" language in K.S.A. 44-503(d) should be broadly interpreted to include nearly anywhere where an injured claimant is working on behalf of the principal.

Here, SWS contracted with Blackhawk to paint the trailers. The painting occurred on Blackhawk's property and it was there where the decedent sustained the injuries which caused his death. Thus, the accident occurred on premises where SWS undertook to execute the work and the exception in K.S.A. 44-503(d) does not apply. See *Swift*, 161 Kan. at 386.

To conclude, the district court did not err in granting SWS's motion for summary judgment. SWS was a statutory employer of the decedent and any recovery from the accident had to occur through the KWCA. The tort suit could not be brought.

Affirmed.

10